# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BARTO P. BENJAMIN,            )
                              )
    Plaintiff,                )
                              )
v.                            )   Case No. CV413-088
                              )
CHEMTALL INC.,                )
                              )
    Defendant.[1]             )

## REPORT AND RECOMMENDATION

Barto Benjamin has filed suit against Chemtall Inc. ("Chemtall"), a privately held company, alleging a violation of Title VII of the Civil Rights Act of 1964 and a host of other statutory provisions, including 42 U.S.C. §§ 1983, 1985, 1986, and the Fair Labor Standards Act of 1938 ("FLSA"). (Doc. 1 at 1.) Chemtall moves for a partial judgment on the pleadings as to the 42 U.S.C. §§ 1983, 1985, 1986, and FLSA claims. (Doc. 7.)

Judgment on the pleadings under Fed. R. Civ. P. 12(c) is

---

[1] Defendant SNF Holding Company moves to correct its name on the docket. SNF Holding's subsidiary, Chemtall, Incorporated, actually employed Benjamin. (Doc. 7 at 1 n.1.) The substitution is **GRANTED**. The Clerk is **DIRECTED** to amend the docket accordingly. All future filings shall conform.

appropriate only "when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010). In considering a motion for judgment on the pleadings, the court should resolve all reasonable doubts about the facts in the favor of the non-movant, and draw all justifiable inferences in his or her favor. *Id.* "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quotation omitted).

Turning to the statutes in question, 42 U.S.C. § 1983 requires a plaintiff to sufficiently allege (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the act or omission was committed by a person acting under color of state law. *Id.*; *Cox v. Mills*, 465 F. App'x

885, 887 (11th Cir. 2012); *Hale v. Tallapoosa Cnty*, 50 F.3d 1579, 1582 (11th Cir. 1995). An otherwise private person acts under color of state law when he is "a willful participant in joint action" with a state actor. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (quotation omitted). The plaintiff must "plead in detail, through reference to material facts, the relationship or nature of the conspiracy" between the private person and the state actor. *Id.* It is insufficient to "merely string together" discrete events, without showing support for a reasoned inference that the private and state actors agreed to violate the plaintiff's rights. *Id.*

Section 1985 does not itself create any substantive rights. Instead, it serves as a vehicle for vindicating specific federal rights and privileges which have been defined elsewhere. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Under § 1985(2), a plaintiff must allege that two or more people conspired to impede, hinder, obstruct, or defeat the "due course of justice," with the intent to deny the plaintiff the equal protection of the laws. 42 U.S.C. § 1985(2). Under § 1985(3), a plaintiff must allege that two or more people conspired to deprive any person or class of persons of the equal

protection of the laws. 42 U.S.C. § 1985(3). A claim under § 1985(3) also requires an allegation of invidious discriminatory intent. *Trawinski v. United Tech.*, 313 F.3d 1295, 1299 (11th Cir. 2002). Relatedly, under § 1986, the plaintiff must allege that a person had knowledge of a conspiracy in violation of § 1985 and, despite having the power to prevent or aid in preventing the violation, neglected or refused to do so. 42 U.S.C. § 1986; *Park v. City of Atlanta*, 120 F.3d 1157, 1159 (11th Cir.1997). Therefore, where there is no underlying conspiracy to support a § 1985 claim, the derivative § 1986 claim must also fail. *Farese*, 342 F.3d at 1232 n. 12; *Park*, 120 F.3d at 1159–60.

Plaintiff was a warehouse manager for Chemtall. (Doc. 1 at 2-6.) He was allegedly fired after failing to meet certain performance plan goals (*id.*), but he insists that it was actually due to discrimination. (*Id.*) Nowhere in the complaint does he state that Chemtall was in any way a state actor or that there was some conspiracy to deprive him of his rights. Instead he focuses entirely on the fact that a white supervisor fired him based upon his race and age. (*Id.* at 5-6.) As there are no allegations that Chemtall was a state entity or in some other way acted jointly with a state actor, his § 1983 claim fails. His § 1985 claim

similarly fails since he has not alleged a single fact supporting any sort of conspiracy to deny him his rights.[2] And since § 1986 is predicated upon a valid § 1985 claim, it likewise fails.

As to his FLSA claim, Benjamin states that he was forced to work more than 40 hours a week though put on salary. (Doc. 1 at 5.) He thus seeks overtime compensation for those years that he worked with Chemtall. (*Id.* at 6.) According to his factual recitation, he worked for Chemtall from May 15, 2006 until September 14, 2009. (*Id.* at 2-4.) Under 29 U.S.C. § 255(a) of the FLSA, "[a]ny action ... to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Benjamin insists that the violations were willful (doc. 1 at 5), but he did not file suit until April 11, 2013, well outside of his three-year window for filing

---

[2] Notably, a single employer and its representatives cannot constitute a conspiracy under § 1985(3). *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1479 (S.D. Fla. 1987); *Givan v. Greyhond Lines*, 616 F. Supp. 1223, 1224 (S.D. Ohio 1985).

an FLSA claim. (Doc. 1.) Consequently, this claim also fails.

For the reasons explained above, defendant's motion for judgment on the pleadings (doc. 7) should be **GRANTED**. Benjamin's claims under 42 U.S.C. §§ 1983, 1985, 1986, and the FLSA fail as a matter of law and are thus must be dismissed from the case. As a final matter, Benjamin has filed a motion to amend his complaint to add an FLSA claim. (Doc. 21.) The complaint already includes such a claim, and it fails for the reasons explained above. Accordingly, that motion is **DENIED**.

**SO REPORTED AND RECOMMENDED** this 22nd day of July, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA