**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

BARTO P. BENJAMIN, )
)
Plaintiff, )
)
v. ) Case No. CV413-088
)
CHEMTALL, INC., )
)
Defendant. )

## AMENDED REPORT AND RECOMMENDATION

The Court **VACATES** its prior Report and Recommendation (doc. 46) and substitutes the following in its place.

Barto Benjamin contends that he was fired from Chemtall, Inc. ("Chemtall") on the basis of his race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. § 1981. (Doc. 1.) Chemtall has moved for summary judgment. (Doc. 39.)

Under Fed. R. Civ. P. 56(a), the Court must grant summary judgment where the movant "shows that there is no genuine dispute as to

any material fact and [it] is entitled to judgment as a matter of law." *Id.* A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation omitted). The movant meets this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23; *see also* Fed. R. Civ. P. 56(c)(1). After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48 (emphasis in original). The non-moving party

"must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). And "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

Chemtall has presented affidavits and deposition transcripts showing that Benjamin was dismissed from his job as a warehouse manager due to subpar work performance rather than any discriminatory intent. Most critically, between February and April of 2009 his department made a string of costly errors suggesting that he was not adequately monitoring his employees. (Doc. 39-4 at 20.) His department shipped (1) a bulk bag product with a hole that had been patched with duct tape, (2) a 59-drum order that was 9 drums short, (3) the wrong containers to Brazil and Chile, requiring the payment of tariffs and return shipping, (4) off-spec pallets, and (5) an empty bin to Korea. (*Id.*; doc. 39-3 at 29 (Benjamin conceded during his deposition that these errors were made).) Joe McCullough, Benjamin's immediate supervisor

(doc. 39-3 at 54) explained that the third mishap, the shipping of the wrong containers to Brazil and Chile, ultimately cost the company around $100,000. (Doc. 39-4 at 6 (Benjamin's deposition of McCullough).) After being notified in writing of the errors and put on a performance improvement plan, McCullough concluded in September 2009 that Benjamin had still not set adequate standards for the warehouse employees or improved overall warehouse performance. Hence, Chemtall terminated Benjamin's employment. (*Id.* at 14-15.)

Benjamin has not offered any contrary evidence. Indeed, he never responded to defendant's motion for summary judgment. It thus stands unopposed by operation of Local Rule 7.5.[1] Since Benjamin has not

[1] Rather than filing a response to defendant's motion for summary judgment, Benjamin filed an untimely "motion for summary judgment" of his own on December 30, 2013. (Doc. 43.) It was untimely under the scheduling order's civil motions deadline. (Doc. 20 (setting October 25, 2013 as the motions deadline).) In addition, Benjamin failed to accompany the motion with a statement of material fact, in violation of Local Rule 56.1.

Such late-filed motions are usually construed as motions to amend the scheduling order under Fed. R. Civ. P. 16(b). *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008) (applying Fed. R. Civ. P. 16(b)'s "good cause" scheduling order modification standard before applying Rule 15(a)'s amendment standard); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (same); *Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005) (same). Rule 16(b) requires that parties show good cause for modifying the scheduling order; to proceed directly to the merits of an untimely filed motion "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419. Here, Benjamin has not even attempted to make such a showing.

presented any direct evidence of racial or age-based discrimination, or any facts suggesting an inference of discrimination, his case cannot survive defendant's motion. To establish a *prima facie* case of discrimination the plaintiff must show: that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) the employment action was causally related to the protected status).[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (same); *Alford v. Florida*, 390 F. Supp. 2d 1236, 1247 (S.D. Fla. 2005) (same). Benjamin has failed to offer any admissible evidence showing that he was qualified for his job or that his employer treated similarly situated employees outside of his protected class more favorably than he was treated. And even assuming he had submitted

---

Accordingly, his implicit motion to amend the scheduling order is **DENIED**, and his cross-motion for summary judgment should be terminated as a nullity.

[2] The same standards apply under 42 U.S.C. § 1981 and the ADEA. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1331-34 (11th Cir. 2013) (affirming that the *McDonnell Douglas* framework still applies in ADEA cases after the Supreme Court's decision in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 ("Title VII and § 1981 have the same requirements of proof and utilize the same analytical framework.").

evidence sufficient to make out a *prima facie* case of discrimination, his claim still fails because he has not shown that defendant's legitimate non-discriminatory reasons for terminating his employment -- his poor leadership, lack of supervisory skills, and failure to perform at the level expected of a warehouse manager -- were pretextual. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981) (if a legitimate, nondiscriminatory reason is articulated by defendant, then plaintiff has the ultimate burden of proving the reason to be a pretext).

Chemtall's unopposed motion for summary judgment (doc. 39) should be **GRANTED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 4th day of June, 2014.

G.R. Smith

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA